IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCOTT SCHWARTZ, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LATCH, INC., LUKE SCHOENFELDER, ROBERT J. SPEYER, PAUL A. GALIANO, JENNY WONG, JOSHUA KAZAM, JENNIFER RUBIO, NED SEGAL MICHELANGELO VILPI, PETER CAMPBELL, TRICIA HAN, RAJU RISHI, J. ALLEN SMITH, and ANDREW SURGRUE,<br><br>Defendants. | Case No. 1:23-cv-00027-MN |

## STIPULATION AND ORDER

Plaintiff Scott Schwartz ("Plaintiff" or "Schwartz") and Defendants Latch, Inc., Luke Schoenfelder, Robert J. Speyer, Paul A. Galiano, Jenny Wong, Joshua Kazam, Jennifer Rubio, Ned Segal, Michelangelo Volpi, Peter Campbell, Tricia Han, Raju Rishi, J. Allen Smith, and Andrew Sugrue (the "Latch Defendants") (collectively, the "Parties"), hereby stipulate and agree as follows:

WHEREAS, on January 11, 2023, Plaintiff filed the complaint in the above-captioned action (the "Complaint"), a putative class action arising under the Securities Act of 1933, against Defendants;

WHEREAS, Section 21D(a)(3)(A)(i) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i), requires a plaintiff to cause a public notice to be published within 20 days of filing a putative class action that arises under the PSLRA, which

1

notice Plaintiff caused to be published on January 30, 2023;

WHEREAS, it is possible that additional related actions also arising under the Securities Act may be filed in the United States District Court for the District of Delaware against the same Defendants and asserting substantially the same allegations (together this action, the "Related Actions");

WHEREAS, there may be a motion or stipulation to consolidate such Related Actions into a single action before this Court;

WHEREAS, pursuant to the PSLRA, once a decision on a consolidation motion has been rendered, the Court must, "[a]s soon as practicable," appoint lead plaintiff who is "most capable of adequately representing the interests of class members," 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii);

WHEREAS, on January 12, 2023, Latch, Inc. was served with the Complaint;

WHEREAS, Latch, Inc.'s response to the Complaint is currently due February 2, 2023; and

WHEREAS, counsel for the Latch Defendants has agreed to accept service of the Complaint on behalf of the remaining Latch Defendants;

WHEREAS, the parties agree that in the interests of judicial economy, conservation of time and resources, and orderly management of this action, Defendants should not respond to the Complaint already filed in this action until after (i) a lead plaintiff and lead counsel are appointed by the Court pursuant to the PSLRA, (ii) such lead plaintiff serves an operative complaint, and (iii) lead plaintiff and Defendants have conferred in good faith and agreed to a schedule for Defendants to respond to the operative complaint and a schedule for any anticipated briefing;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by counsel for the Parties, that:

1. Counsel for the Latch Defendants hereby agrees to accept service of the Complaint on behalf of all Defendants without waiving any rights or defenses, except as to sufficiency of service.

2. Defendants shall not be required to answer or otherwise respond to the Complaint until after a lead plaintiff has been appointed by the Court, and has filed an amended or consolidated complaint or designated the existing Complaint as the operative complaint.

3. Within ten (10) days of the resolution of any motions for the appointment of a lead plaintiff pursuant to 15 U.S.C. § 78u-4, the appointed lead plaintiff, the Latch Defendants, and all other Defendants who have been served or waived service shall meet and confer and submit a proposed schedule for the filing of an amended or consolidated complaint (or the designation of an existing Complaint as the operative complaint) and briefing for any motion to dismiss.

4. All other currently scheduled deadlines shall be vacated.

5. By entering into this Stipulation, Defendants do not waive any defenses that otherwise could be asserted through a motion pursuant to Fed. R. Civ. P. 12 or otherwise, including without limitation as to jurisdiction, forum, or venue.

Dated:  January 30, 2023

Respectfully submitted,

/s/  *Peter Bradford deLeeuw*
Peter Bradford deLeeuw (No. 3569)
DELEEUW LAW LLC
1301 Walnut Green Road
Wilmington, DE 19807
Telephone: (302) 274-2180
Facsimile: (302) 351-6905
Email: brad@deleeuwlaw.com

*Counsel for Plaintiff*

OF COUNSEL:

Brent B. Barriere
Jason W. Burge
Kaja S. Elmer
FISHMAN HAYGOOD LLPo
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
Email: bbarriere@fishmanhaygood.com
Email: jburge@fishmanhaygood.com
Email: kelmer@fishmanhaygood.com

/s/  *Robert L. Burns*
Robert L. Burns (No. 5314)
Tyler E. Cragg (No. 6398)
Kyle H. Lachmund (No. 6842)
RICHARDS LAYTON & FINGER, P.A.
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7618
Facsimile: (302) 657-7701
Email: burns@rlf.com
Email: cragg@rlf.com
Email: lachmund@rlf.com

*Counsel for Defendants*

OF COUNSEL:

Kristin N. Murphy
LATHAM & WATKINS LLP
650 Town Center Dr., 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (715) 755-8290
Email: kristin.murphy@lw.com

Colleen C. Smith
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-3985
Facsimile: (858) 523-540
Email: colleen.smith@lw.com

PURSUANT TO STIPULATION, IT IS SO ORDERED this 30th day of January 2023.

_____
The Honorable Maryellen Noreika
United States District Judge