IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SCOTT SCHWARTZ, individually and on §
behalf of all others similarly situated, §
§
*Plaintiff*, §
§        Civil Action No. 23-27-WCB
v. §
§
LATCH, INC, et al., §
§
*Defendants*. §
§

## MEMORANDUM OPINION AND ORDER

Plaintiff Scott Schwartz brought this securities class action against defendant Latch, Inc.,

("Latch") and several of Latch's officers and directors.  Latch went public via a merger with a

special purpose acquisition company in June 2021.  Dkt. No. 1 at ¶ 1.  On January 11, 2023, Mr.

Schwartz filed his complaint in this district, alleging that Latch's pre-merger registration statement

contained false and misleading statements that are actionable under sections 11 and 15 of the

Securities Act, 15 U.S.C. §§ 77k, 77o.  *Id.* at ¶¶ 9, 12.  On April 24, 2023, I approved Mr.

Schwartz's motion to be appointed lead plaintiff and have his counsel approved as lead counsel.

Dkt. No. 13.  On June 11, 2025, the parties filed a stipulation and agreement of settlement, which

set forth the terms of the settlement agreement to which they had agreed.  Dkt. No. 43.  Mr.

Schwartz also moved for preliminary approval of that settlement.  Dkt. No. 44.  On August 8,

2025, I held a hearing regarding the preliminary approval of the settlement.

## I.    Proposed Settlement Terms

The stipulation and agreement of settlement defines the class as: "all stockholders of

Legacy Latch who purchased or otherwise acquired Latch common stock pursuant to Latch's

1

registration statement filed in connection with its June 4, 2021 merger and were allegedly damaged thereby, excluding (i) Defendants; (ii) the officers and directors of Latch; (iii) members of the officers' and directors' immediate families and their legal representatives, heirs, successors, or assigns; (iv) any entity in which Defendants have or had a controlling interest; and (v) Settlement Class Members who validly and timely request exclusion in accordance with the requirements set by the Court in the Preliminary Approval Order and the notice given pursuant thereto." Dkt. No. 43 at 13.

Under the proposed terms, the defendants will pay in cash $1,950,000 into a settlement fund. The settlement fund will be distributed on a pro rata basis based on the relative size of each class member's claim. Dkt. No. 43, Exh. 2 at ¶ 63. The expected recovery is between $9 and $10 per share of stock minus the sales price if the stock was sold. Dkt. No. 43, Exh. 4. The settlement determines $10 to be the *de minimis* amount for distribution, so if any class member's distribution amount is less than $10, those funds will not be distributed but instead will be reallocated on a pro-rata basis to the class members who are receiving a distribution amount of more than $10. Dkt. No. 43, Exh. 2 at ¶ 63. If there is a remaining balance that cannot be cost-effectively distributed, those funds will be donated to a not-for-profit organization that will be approved by the court. *Id.* at ¶ 64.

Lead counsel expects to seek 33 and 1/3% of the funds as their attorneys' fees and will seek to have expenses reimbursed in an amount not to exceed $40,000. *Id.* at ¶ 5. Mr. Schwartz expects to seek a lead plaintiff award of no more than $10,000. *Id.*

## II.    Discussion

"The exact process a district court should follow when presented with a 'settlement class' is not prescribed by Rule 23(e)," but the Third Circuit has approved of a two-hearing process. *In*

*re Nat. Football League Players Concussion Inj. Litig.*, 775 F.3d 570, 581–84 (3d Cir. 2014). In the first hearing, or "preliminary fairness review," "[t]he judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b). . . . The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Id.* (citation omitted). After the class members have been notified of the proposed settlement, the court will hold the final fairness hearing, at which class members may object. *See* Fed. R. Civ. P. 23(e)(1)(B). The court can then approve the settlement if the court concludes the settlement is "fair, reasonable, and adequate." *Id.*

     **a. Rule 23(a)**

Rule 23(a) sets forth four requirements that a class must meet to be certified. The first requirement is that the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Counsel for Mr. Schwartz has represented that there are millions of stock shares at issue in this case, which are held by hundreds of individuals. Although counsel did not have a specific number of shareholders who would qualify as class members, counsel represented that the number would be well in excess of 40 individuals. "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001).

The second requirement of Rule 23(a) is that "there are questions of law or fact common to the class." Here, there are multiple commons questions of law and fact. One example is the question whether Latch's pre-merger registration statement contained false and misleading

statements, as Mr. Schwartz has alleged. "The commonality requirement will be satisfied if the named plaintiffs share *at least one* question of fact or law with the grievances of the prospective class." *Stewart*, 275 F.3d at 227 (alteration in the original; citation omitted).

The third requirement of Rule 23(a) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "The typicality inquiry centers on whether the interests of the named plaintiffs align with the interests of the absent members." *Stewart*, 275 F.3d at 227. Counsel for Mr. Schwartz has represented that he is an affected shareholder who is not materially positioned differently from other potential claim members. Furthermore, "[p]redominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).

The fourth requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." For that determination, courts typically consider whether counsel is qualified and whether there are any conflicts of interests between the named parties and the class they seek to represent. *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 312 (3d Cir. 1998). I have previously concluded that the lead counsel selected by Mr. Schwartz is well qualified to represent the class in this action. *See* Dkt. No. 13 at 2. And counsel for Mr. Schwartz has explained that there are no conflicts between Mr. Schwartz and potential class members, as each purchased or acquired the stock at issue based on the same alleged misrepresentations. Based on the foregoing analysis, I preliminarily determine that the requirements of Rule 23(a) have been met.

### b.  Rule 23(b)(3)

Under Rule 23(b)(3), a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Here, the expected recovery for each share is expected to be too small to justify the expense of an individual action.  Moreover, each claim is likely to involve substantially identical proofs, so litigating the claims through a class action is effective and efficient.  Finally, counsel for the parties have represented that although there was related litigation proceeding in a different forum, that litigation has settled, and the proposed class is structured to avoid duplicative recovery.  Accordingly, I preliminarily determine that the requirements of Rule 23(b)(3) have been satisfied.

### c.  Rule 23(e)(2)

Under Rule 23(e)(2), the proposed settlement terms must be "fair, adequate, and reasonable," taking into consideration whether "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other."

First, as noted above, class counsel is qualified and has experience with securities class action.  Counsel has represented that they conducted interviews with various witnesses, consulted

experts, and engaged in a mediation session, in addition to other tasks required to prosecute this litigation.  Dkt. No. 45 at 9.

Second, the settlement was reached after negotiations with the defendants' similarly experienced counsel with the assistance of an experienced mediator.  Third, the settlement provides that the defendants will pay $1,950,000 to the class.  That equates to recovery of between $9 and $10 per share of stock after the attorneys' fees and various expenses have been deducted.  Given that this case is in the early stages and that there are risks and costs associated with trial, including discovery, dispositive motion practice, and trial, the anticipated recovery is adequate.  Fourth, the settlement will be distributed with the assistance of a claim administrator.  Mr. Schwartz has requested that RG2 Claims Administration be approved as the administrator.  Mr. Schwartz represents that RG2 Claims Administration is well-established and has substantial experience administering class action settlements, so Mr. Schwartz's request will be granted.  RG2 Claims Administration will provide notice via postcard notice to all class members who can reasonably be identified.  Notice will also be provided to the public via electronic publication.  A notice and claim form will provide instructions on how to submit claims, and those claims will be reviewed by RG2 Claims Administration.  Fifth, the attorneys' fees that lead counsel anticipates requesting are 33 and 1/3% of the fund with no more than $40,000 in expenses.  While I will need to review counsel's fee submission before determining whether to approve such a request, it is not facially unreasonable.

Finally, I preliminarily find that the settlement treats class members fairly.  I previously expressed concerns about the fact that the settlement sets the *de minimis* amount for recovery at $10, yet the settlement terms identified the expected recovery "per share" to be between $9 and $10.  Moreover, the settlement provides that any non-distributed funds will be redistributed to

6

class members who are entitled to more than the *de minimis* amount. My concern was that there could be a situation in which a small subset of members would receive above $10 and thus entitled to receive all other members' compensation via the redistribution process. At the hearing, counsel clarified that the expected recovery "per share" relates to the recovery per share of stock, not per share of the settlement fund. Counsel further explained that many members are expected to own more than one share of stock. And counsel noted that the largest holders of stock are directors, officers, and other parties affiliated with Latch, Inc., and that they have been excluded from the class definition.

The provision of the agreement stating that class members whose share of the fund is less than $10 will not receive a distribution is a facially reasonable measure designed to avoid expending a substantial portion of the fund on administration costs associated with *de minimis* payments. Courts have frequently approved such measures, upholding clauses that have set the minimum payment at various levels between $3 and $10. *See Anderson v. Travelex Ins. Servs.*, No. 8:18-cv-362, 2023 WL 2844212, at *2 (D. Neb. Mar. 15, 2023) (citing numerous cases). In *Sullivan v. DB Investments, Inc.*, 667 F.3d 273 (3d Cir. 2011), the Third Circuit approved a settlement setting the minimum level for a payment at $10. *Id.* at 328. Citing cases with *de minimis* payment thresholds as high as $50, the court in *Sullivan* explained that "*de minimis* thresholds for payable claims are beneficial to the class as a whole since they save the settlement fund from being depleted by the administrative costs associated with claims unlikely to exceed those cost and courts have frequently approved such thresholds, often at $10." *Id.* (quoting *In re Gilat Satellite Networks, Ltd.*, No CV-02-1510, 2007 WL 1191048, at *9 (E.D.N.Y. Apr. 19, 2007)). In this case, the $10 *de minimis* payment threshold appears reasonable as a means of avoiding burdening

the relatively modest recovery fund with outsized administrative costs that would not prove meaningful benefits to the recipients of such small awards.

Courts have sometimes resorted to awarding undistributed class action funds to *cy pres* recipients on the theory that such awards provide benefits for the class as a whole. But *cy pres* awards have been criticized as being potentially subject to abuse and frequently not providing any real benefit to the class members. *See Marek v. Lane*, 134 S. Ct. 8 (2013) (Roberts, C.J., respecting the denial of certiorari). In this case, there is no obvious candidate for a *cy pres* award. Moreover, the goal of a class action is to obtain compensation for harmed class members, and distributing funds to the class members is the most direct way to benefit those members. Given the modest size of the fund in this case, I am satisfied that not distributing *de minimis* claims is in the interest of preserving fund assets, and redistributing those payments to other class members rather than expending the funds on administrative costs or selecting a *cy pres* recipient is a facially reasonable choice.

However, the settlement agreement recognizes the possibility that if some eligible class members do not claim their share of the fund, there may be remaining funds, but that the amount of undistributed funds is likely to be so minimal that the administrative costs to redistribute those funds will be larger than the amount of the funds to be redistributed. For that reason, the settlement agreement provides that those remaining funds will be donated to a not-for-profit organization— i.e., a *cy pres*. Although, I prefer directly distributing funds to class members over donating funds to a *cy pres* in this case, I agree with the parties that at some point there are likely to be remaining funds that cannot economically be distributed to class members given the administrative costs of such a redistribution. At that point, an acceptable option will be to donate those funds to a *cy pres*. Accordingly, I find the settlement's approach of distributing as much of the settlement fund to

class members as is practicable by reallocating the *de minimis* payments before donating the remaining funds to be preferable to donating the *de minimis* payments before attempting to reallocate those payments. If objections are raised to that procedure prior to or at the final hearing on approval of the settlement, I may reconsider that aspect of the proposed judgment.

Accordingly, I preliminarily determine that the settlement terms treat the class members equitably, and I preliminarily determine that the requirements of Rule 23(e) have been satisfied.

### d. Notice

Mr. Schwartz has submitted a copy of the proposed notices with his motion for preliminary approval of settlement. Under Rule 23(c)(2), notice must be "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2). "Generally speaking, the notice should contain sufficient information to enable class members to make informed decisions on whether they should take steps to protect their rights, including objecting to the settlement or, when relevant, opting out of the class." *In re Nat'l Football League Players Concussion Inj. Litig.*, 821 F.3d 410, 435 (3d Cir. 2016) (citation omitted).

I find that the proposed notice is sufficient. It provides both summary notice, via the online publications and postcard, and long-form notice, via the notice website. Moreover, the notice includes a description of the settlement; background on the litigation; information regarding recovery, the hearing, requesting an exclusion, submitting a claim, and attorneys' fees; and how to obtain additional information. It also informs the potential class members of the binding nature of the agreement. Similar notice plans have been approved by other courts. *See, e.g.*, *In re Ins. Brokerage Antitrust Litig.*, 282 F.R.D. 92, 110 (D.N.J. 2012). Therefore, I determine that the provisions for notice to class members are adequate.

\* \* \* \* \*

9

THEREFORE, IT IS HEREBY ORDERED, this 11th day of August, 2025 that:

1.        The Court has reviewed the Stipulation[1] and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), taking into account that: (1) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (2) the Settlement was negotiated at arm's length; (3) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class; (iii) the terms of the proposed award of attorneys' fees; and (iv) agreements identified pursuant to Federal Rule of Civil Procedure 23(e)(3); and (4) the proposal treats Settlement Class Members equitably relative to each other, subject to further consideration at the Settlement Hearing described below.

2.        Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for the purposes of Settlement only, the Settlement Class consisting of all stockholders of Legacy Latch who purchased or otherwise acquired Latch common stock pursuant to Latch's registration statement filed in connection with its June 4, 2021, merger with TS Innovation Acquisitions Corp. (the "Merger") and were allegedly damaged thereby, excluding (i) Defendants; (ii) the officers and directors of Latch; (iii) members of the officers' and directors' immediate families and their legal representatives, heirs, successors, or assigns; (iv) any entity in which Defendants have or had a controlling interest; and (v) Settlement Class Members who validly and timely request exclusion in accordance with the requirements set forth below and in the Notice.

---

[1] Capitalized terms used herein have the same meanings defined in the Stipulation, dated June 11, 2025.

3.      The Court finds and preliminarily concludes that the prerequisites of class action certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied for the Settlement Class defined herein, in that:

(a)      the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class Members;

(c)      Lead Plaintiff's claims are typical of the Settlement Class, and Lead Plaintiff is not subject to any atypical defenses;

(d)      Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)      the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Federal Rule of Civil Procedure 23, preliminarily and for the purposes of this Settlement only, Lead Plaintiff is certified as the class representative on behalf of

the Settlement Class ("Class Representative"), and Lead Counsel is hereby appointed as counsel for the Settlement Class ("Class Counsel").

5.      A hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23 is hereby scheduled to be held by Zoom, on December 9, 2025, at 10 am ET for the following purposes:

(a)     to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)     to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether all Released Plaintiff Claims as against the Defendant Releasees and all Released Defendant Claims as against the Plaintiff Releasees shall be settled and released;

(c)     to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff should be finally certified as a representative of the Settlement Class; and whether Lead Counsel should be finally appointed as counsel for the Settlement Class;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)     to consider Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Lead Plaintiff for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)     to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees or expenses.  The Court may also adjourn the Settlement Hearing, decide to hold the hearing telephonically or by videoconference, or modify any of the dates herein, without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website of the Claims Administrator.

7.    The Court approves the form, substance, and requirements of the Notice of Pendency of Class Action, Proposed Class Action Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release Form ("Claim Form"), and the short-form postcard notice (the "Postcard Notice") substantially in the forms annexed to the Stipulation as Exhibits 2, 4, and 5, respectively.

8.    The Court approves the retention of RG/2 Claims Administration LLC, as the Claims Administrator.

9.    Latch, to the extent it has not already done so, shall make reasonable, good faith efforts to provide, or instruct its transfer agent to provide, to Lead Counsel, or the Claims Administrator, lists of Legacy Latch stockholders who purchased or otherwise acquired Latch common stock pursuant to Latch's registration statement filed in connection with the Merger within ten (10) calendar days after entry of this Preliminary Approval Order.

10.    The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed to the Stipulation as Exhibit 4, to be mailed or e-mailed within thirty (30) calendar days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified through reasonable investigation.

11.    The Claims Administrator shall cause the Notice and the Claim Form, substantially in the forms annexed to the Stipulation as Exhibit 5 to be posted on the Claims Administrator's website by the Notice Date.

12.    The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities, who, on behalf of Legacy Latch stockholders, purchased or otherwise acquired Latch common stock pursuant to Latch's registration statement issued in connection with the Merger as record owners but not as beneficial owners. Such nominees SHALL EITHER: (a) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and WITHIN SEVEN (7) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator forward them to all such beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

13.    Lead Counsel shall, at or before the Settlement Hearing, file with the Court

14

proof of mailing of the Postcard Notice and posting of the Notice and Claim Form.

14.    The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed to the Stipulation as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and be transmitted over a recognized wire service (*e.g.*, GlobeNewsire, PR Newswire) within thirty (30) calendar days after the entry of the Preliminary Approval Order. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

15.    The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

16.    In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)    A properly executed Claim Form, substantially in the form annexed to the Stipulation as Exhibit 5, must be submitted to the Claims Administrator, at the address indicated in the Notice, emailed or postmarked no later than thirty (30) calendar days before the Settlement Hearing. Such deadline may be further extended by Court order or by Lead Counsel in their discretion. Each Claim Form shall be deemed to have been

submitted (i) when electronically received via the electronic claims submission process on the Claims Administrator's website with the Claimant receiving an electronic confirmation of submission; or (ii) when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Postcard Notice. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 18 of this order.

(b)    The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, and/or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

17.    Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

18.    Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than thirty (30) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *Schwartz v. Latch, Inc., et al*, Case No. 1:23-cv-00027-WCB (D. Del.)," and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Latch common stock purchased or otherwise acquired, pursuant to the Pre-Merger Registration Statement prior to June 4, 2021, as well as the dates and prices of each such purchase, acquisition, and/or sale.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

19.        Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

20.        The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her, or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Kaja S. Elmer, Fishman Haygood LLP, 201 Saint Charles Avenue, 46th Floor, New Orleans, LA 70170; and Defendants' Counsel: Kristin N. Murphy, Latham & Watkins, LLP, 650 Town Center Drive, 20th Floor, Costa Mesa, CA 92626- 1925; and has filed, either by mail or in person, said objections and supporting papers with the Clerk, United States District Court, District of Delaware, 844 North King Street, Unit 18, Wilmington, DE 19801-3570.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the hearing is not necessary; however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in

18

their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

21.     Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval, other than as provided by paragraph 16 of this order.

22.     Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Released Plaintiff Claims against the Defendant Releasees.

23.     As provided in the Stipulation, prior to or following the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund not to exceed $185,000 without further approval from the Defendants and without further order of the Court.

24.     All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

25.     No Person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

26.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as

such funds shall be disbursed pursuant to the Stipulation or further order of the Court.

27.      Neither the Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

28.      If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of December 14, 2024.

29.      The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE