## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SCOTT SCHWARTZ, Individually and on behalf of all others similarly situated,

Plaintiff,

vs.

LATCH, INC., LUKE SCHOENFELDER, ROBERT J. SPEYER, PAUL A. GALIANO, JENNY WONG, JOSHUA KAZAM, JENNIFER RUBIO, NED SEGAL, MICHELANGELO VOLPI, PETER CAMPBELL, TRICIA HAN, RAJU RISHI, J. ALLEN SMITH, and ANDREW SUGRUE,

Defendants.

Civil Action No. 1:23-cv-00027-WCB

CLASS ACTION

## FINAL ORDER AND JUDGMENT

This cause came before the Court on the Motion for Final Approval of Class Action Settlement. The Court having carefully reviewed the file, and being otherwise fully advised, ORDERS as follows:

WHEREAS:

A.    On or about June 11, 2025, Court-appointed Lead Plaintiff Scott Schwartz, on behalf of himself and all other members of the Settlement Class, and Latch, Inc. ("Latch" or the "Company"); and Luke Schoenfelder, Robert J. Speyer, Paul A. Galiano, Jenny Wong, Joshua Kazam, Jennifer Rubio, Ned Segal, Michaelangelo Volpi, Peter Campbell, Tricia Han, Raju Rishi, J. Allen Smith, and Andrew Sugrue ("Individual Defendants" and, together with Latch, "Defendants" and, together with Lead Plaintiff, the "Parties"), entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"),

1

which is subject to review under Federal Rule of Civil Procedure 23 and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed Settlement of the Action and the claims alleged in the Class Action Complaint, filed on January 11, 2023 (the "Complaint"), on the merits and with prejudice (the "Settlement");

B.    Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered August 11, 2025 (the "Preliminary Approval Order"), the Court scheduled a hearing for December 9, 2025, at 10:00 a.m. ET (the "Settlement Hearing") to consider whether, among other things: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses and Lead Plaintiff's service award are reasonable and should be approved.

C.    The Court ordered that the Notice of Pendency of Class Action, Proposed Class Action Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release Form ("Claim Form"), substantially in the forms attached to the Stipulation as Exhibits 2 and 5, respectively, be posted on the Claims Administrator's website no later than thirty (30) calendar days after the entry of the Preliminary Approval Order; that the Postcard Notice, substantially in the form attached to the Stipulation as Exhibit 4, be mailed by first-class mail, postage prepaid, within thirty (30) calendar days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who or that could be identified through reasonable effort; and that the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Stipulation as Exhibit 3, be published in *Investor's Business Daily* and

2

transmitted over a recognized wire service within thirty (30) calendar days after the entry of the Preliminary Approval Order;

D.      The Notice, Postcard Notice, and Summary Notice (collectively, the "Notices") advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by November 18, 2025;

E.      The provisions of the Preliminary Approval Order as to notice were complied with;

F.      On November 4, 2025, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on December 9, 2025, at which time all interested persons and entities were afforded the opportunity to be heard; and

G.      This Court has duly considered Lead Plaintiff's motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

Now, therefore, after due deliberation, it is Ordered, Adjudged, and Decreed that:

1.      This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on June 11, 2025; and (ii) the Notice, which was filed with the Court on June 11, 2025. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.      The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Settlement Class of: all persons and entities who or that were shareholders of pre-merger Latch, Inc. ("Legacy Latch") and purchased or otherwise acquired Latch common stock pursuant to Latch's registration statement filed in connection with its June 4, 2021, merger with TS Innovation Acquisitions, Inc. ("TSIA") and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) the Defendants; (ii) the officers and directors of Latch; (iii) members of the officers' and directors' immediate families and their legal representatives, heirs, successors, or assigns; (iv) any entity in which Defendants have or had a controlling interest; and (v) and Settlement Class Members who validly and timely request exclusion in accordance with the requirements set by the Court in the Preliminary Approval Order and the notice given pursuant thereto.

4.      Pursuant to Federal Rule of Civil Procedure 23, and for the purposes of Settlement only, the Court hereby re-affirms its determinations in its order certifying the Settlement Class and the Preliminary Approval Order and finally certifies Lead Plaintiff as Class Representative for the Settlement Class; and finally appoints the law firms of Fishman Haygood, L.L.P., Bragar Eagel & Squire, P.C., and deLeeuw Law, LLC as Class Counsel for the Settlement Class.

5.      The Court finds that the mailing and publication of the Notice, Postcard Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and payment of litigation expenses incurred in connection with the prosecution of the Action, the Class Representatives' request for a service award, of Settlement Class Members' right to object or seek

4

exclusion from the Settlement Class, and their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.      There have been no objections to the Settlement.

7.      Pursuant to Federal Rule of Civil Procedure 23(e)(2), this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (1) the Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class; (iii) the terms of the proposed award of attorneys' fees; and (iv) agreements identified pursuant to Federal Rule of Civil Procedure 23(e)(3); and (4) the proposal treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.      The Complaint is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.    The Court has no reason to believe that during the course of the Action, Lead Plaintiff and the Defendants and their respective counsel failed at any time to comply with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.    Upon the Effective Date, Lead Plaintiff, the Settlement Class Members, and each and every other Plaintiff Releasee shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiff Claims against each and every one of the Defendant Releasees and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiff Claims against any and all of the Defendant Releasees.

11.    Upon the Effective Date, the Defendants and each and every other Defendant Releasee shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendant Claims against each and every one of the Plaintiff Releasees and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendant Claims against any and all of the Plaintiff Releasees.

12.    Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

13.    This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their

respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the other Defendant Releasees with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiff Claims, or of any liability, damages, negligence, fault, or wrongdoing of any of the Defendants or any person or entity whatsoever;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants or the Defendant Releasees, or against or to the prejudice of any of the Lead Plaintiff or the Plaintiff Releasees, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants, any of the Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Defendant Releasees, and of the Lead Plaintiff or the Plaintiff Releasees, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or

7

proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against any of the Defendants, Defendant Releasees, Lead Plaintiff, or Plaintiff Releasees, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14. Notwithstanding the foregoing, any of the Parties may file or refer to this Judgment, the Stipulation, and/or any Claim Form: (i) to effectuate the liability protections granted hereunder, including without limitation to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or similar defense or counterclaim; (ii) to enforce any applicable insurance policies and any agreements related thereto; or (iii) to enforce the terms of the Stipulation and/or this Judgment.

15. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered

and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     The Parties are hereby directed to consummate the Stipulation and to perform its terms.

19.     A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

20.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing, and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

SIGNED this 10th day of December, 2025.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

9